JAMES TODD et al. *v.* DANIEL P. SPARKS.

The ratification by the heirs, of a purchase of succession property, by the administrator, who was . incompetent by law to buy, does not release the official surety of the administrator from his liability, for the price of the property which the administrator fails to account for.

APPEAL from the District Court of St. Mary, *Voorhies*, J.
*J. G. Olivier & T. H. Lewis*, for plaintiffs. *H. Gibbon*, for defendant and appellant.

MERRICK, C. J. This suit is brought by the heirs of *Nancy Kemper*, deceased, against the defendant as surety on the bond given by *A. R. Splane*, as administrator of the estate of the deceased.

At the probate sale, *A. R. Splane*, the administrator, purchased a tract of land, notwithstanding the relation in which he stood to the estate.

Sometime afterwards the heirs, by two separate acts, ratified the sale, and also relinquished any mortgage and privilege they had upon it.

The proceeds of the tract of land in the hands of the administrator, were carried into his account, which was afterwards finally adjusted by a decree of this Court.

The heirs having been unable to collect of the succession of *A. R. Splane* the amount due them, as shown by the account thus become *res judicata* as to the principal obligor, instituted the present action to recover the amount of the defendant, as surety on the administrator's bond.

This recovery is resisted on the ground that the heirs having ratified the illegal sale of the property and afterwards released any mortgage and privilege they might have on the land, had thereby made the sale of the land their own, and released the surety.

We do not think that the act of ratification can have the effect for which it is contended. The obligation of the administrator is to administer faithfully and according to law the effects of the succession entrusted to his care. The surety guarantees the faithful performance of those duties.

Now, a sale by the administrator to an incompetent person is a violation of his duty as administrator, where the administrator himself is the cause, or a participator in the sale. The heir has his option to annul the sale so made or charge the administrator in his account with the price of the thing sold. If he brings a suit (to do which, his right is unquestioned,) to compel his administrator to account for the price, such suit is a ratification of the sale. The mere fact of having previously ratified the sale by a notarial act, ought not to prejudice his right, as it is but doing the same thing directly, which the institution of the suit for the price accomplishes by implication.

The heirs have no mortgage against the administrator, and the release of the mortgage released nothing.

It is, therefore, ordered, adjudged and decreed by the Court, that the judgment of the lower Court be affirmed with costs.